UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIEGO LEGASPI,

        Plaintiff,

   v.

MONTEREY COUNTY
SHERIFF DEPARTMENT; et al.,

        Defendants.
                                   /

No. C 09-073 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Diego Legaspi, an inmate at Kern Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983 to complain about conditions he encountered at the Monterey County Jail when he was incarcerated there. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Legaspi alleges that he was unable to call his court-appointed attorney on October 7, 2008, because a new telephone system had been put in at the county jail that changed in some unidentified way from the old telephone system. When he complained to jail staff, the deputies were uncaring about his problem and the impact it might have on his ability to prepare for his upcoming trial. He implies that the inability to contact his counsel caused him to be found guilty at trial, and he was convicted due to a "lack of witnesses, certain disclosures of evidence, etc. etc." Complaint, p. 3. He does not allege that there was no telephone service, but that he was unable to use the telephone service that was available to reach his attorney.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint does not state a claim upon which relief may be granted. The focus of the complaint is that Legaspi's inability to get through to his attorney on the new telephone system caused him to be convicted because he was unable to prepare for trial. A telephone policy which unreasonably restricts communications between an individual facing criminal charges and his attorney is invalid as an unconstitutional denial of access to the courts. See Johnson by Johnson v. Brelje, 701 F.2d 1201, 1207 (7th Cir. 1983). However, such claims implicating the validity of criminal proceedings generally are barred under the Heck rule discussed in the next paragraph. See Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (barring under Heck a claim that telephone restrictions violated Sixth Amendment right to counsel).

The case of Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. See id. at 486-87. A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his

2

conviction in a civil rights action for damages; the conviction must have been successfully attacked before the civil rights action for damages is filed.  As applied here, Legaspi's claim for damages based on a change in the jail's telephone system that allegedly caused him to be unable to contact his attorney, which in turn caused him to be convicted, is barred by Heck because success on the telephone claim would show a Sixth Amendment violation and would imply that the conviction cannot stand.  The claim must be dismissed.  If plaintiff's conviction is ever set aside, he may file a new civil rights action asserting his claim that the inability to access the telephone caused his conviction.

To the extent Legaspi wants to challenge his conviction or sentence, he must file a petition for writ of habeas corpus, but only after he finishes his appeal and exhausts state court remedies as to all claims he wishes to present to the federal court.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed.  The dismissal is without prejudice to plaintiff filing a petition for writ of habeas corpus to challenge his conviction, and without prejudice to him filing a new civil rights action for damages if his conviction is ever set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 28, 2009

_____
SUSAN ILLSTON
United States District Judge

3